Filed 11/12/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00146

| Timothy Johnson et al v. Jeremy Sullivan |
|---|

## RULING ON PLAINTIFFS' EMERGENCY MOTION TO EXCLUDE EVIDENCE

On October 27, 2025, Plaintiffs filed a motion captioned as "Emergency Motion to Exclude Late-Disclosed Evidence." The motion indicates that on October 26, 2025—roughly three weeks before the date that this case is to be tried—Defendant produced to Plaintiffs a statement from Defendant's telephone provider (AT&T) showing that on November 9, 2023, Defendant made a 4-minute phone call to Defendant's logger, Pete Conway. Plaintiffs seek exclusion of this phone record, on grounds that it was responsive to a request for production of documents served by Plaintiffs and was produced by Defendant in an untimely fashion. Plaintiffs alternatively seek exclusion on grounds that Defendant has not and cannot properly authenticate the phone record, which makes the record inadmissible. For reasons that follow, the motion will be denied.

A central issue in this case is whether there was additional tree-cutting on the subject property, occurring after November 13, 2025, the date that the parties entered into a purchase and sale agreement regarding the property. Defendant is expected to testify that on November 9, 2023—while residing out-of-state—he called Mr. Conway and instructed him to stop cutting any more trees on the property. The phone record showing that Defendant made a 4-minute call to Mr. Conway's phone number on November 9 would thus tend to be corroborative of Defendant's testimony that he made such a call.

There is no serious dispute here that the phone record has been within Defendant's "possession, custody, or control," within the meaning of Rule 34(a) of the Vermont Rules of Civil Procedure, since the AT&T statement was issued, in late November of 2023. There is also no dispute that the deadline for responding to requests for the production of documents has long passed. Plaintiffs' motion to exclude, therefore, is essentially a motion for sanctions under Rule 37(b)(2), for Defendant's alleged failure to timely produce the phone record, or at least timely supplement an initial production of records.

The question of the timeliness of Defendant's disclosure of the phone record comes down to whether the phone record was the subject of a request from Plaintiffs for the production of documents. Plaintiffs indicate that in October of 2024, they served a request for the production of all "documents . . . related to logging at The Property from January 1, 2023 to present." The request defined "relate to" as anything "evidencing, recording, [or] substantiating" the subject of the request. Thus, the controlling question is whether the phone record is a document evidencing, recording, or substantiating logging at the subject property between January 1, 2023, and October of 2024.

In deciding that question, the Court turns to Rule 34(b), the rule that governs the procedure by which to make requests for the production of documents. That rule provides, in pertinent part: "The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." V.R.C.P. 34(b).[1] The "reasonable particularity" standard is identical to the

---

[1] This sentence refers only to an "inspection" of items, but another portion of Rule 34(b) was amended in 2020 to expressly permit a responding party to meet its obligation through "the production of copies

federal standard, now set forth in F.R.C.P. 34(b)(1)(A). According to federal district court decisions published in the Federal Rules Decisions,

> [t]he test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not. Therefore, the party requesting the production of documents must provide sufficient information to enable [the party to whom the request is directed] to identify responsive documents. The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required.

> This test, however, is a matter of degree depending on the circumstances of the case. But, although what qualifies as reasonabl[y] particular surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced. A Rule 34(a) request made with reasonable particularity does not require a reasonable attorney or party attempting to properly respond to ponder and to speculate in order to decide what is and what is not responsive.

*VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 417-18 (N.D. Tex. 2021) (quoting, with alterations and omission of internal citations, *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-76 (N.D. Tex. 2018)). *See also Mallinckrodt Chem. Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353-54 (S.D.N.Y. 1973) ("The 'reasonable particularity' requirement is not susceptible to exact definition. What is reasonably particular is dependent upon the facts and circumstances in each case."; "[T]he appropriate question 'is whether a reasonable man would know what documents or things are called for.'" (quoting 4A J. Moore, *Federal Practice*, ¶ 34.07, at 34-57 & n. 18)).

Here, Plaintiffs' request for production satisfies the reasonable particularity standard, but yet, no reasonable person of ordinary intelligence would understand the request to have called for the production of a phone company record or other document showing that a phone call was made by Defendant to Pete Conway, on November 9, 2023, and lasting 4 minutes. The phone record plainly does not "evidence, record, or substantiate" any logging of, or on, the subject property. Indeed, it bears emphasis that the document in question is merely a phone record. Plaintiffs have not attached a copy of the document to their motion, but the Court presumes that it resembles phone company statements that were once commonly sent on a monthly basis to individual customers—listing the date, time of day, the call recipient's phone number and city/state, and the duration of call. None of that information shows or even tends to prove or record the act of logging of the property, or that logging stopped or no longer occurred.

Moreover, Defendant does not plan to use the phone record as proof of logging, or proof that logging did not occur. His use of the record is to corroborate his contention that he made a call to his logger on the date or time frame in question. The record "evidences" logging only insofar and because Defendant will testify as to the content or substance of the supposed phone call—*i.e.*, that he told Conway to stop logging. As such, there is clear distinction, which any reasonable person of ordinary intelligence would perceive, between documents evidencing or recording the fact or activity of logging (or the non-occurrence of logging) during a specified time frame, and documents evidencing communications that occurred between Defendant another person, such as Mr. Conway. This situation might be different had Plaintiffs requested "any documents evidencing the occurrence of written or oral communications between Defendant and Pete Conway [during a set time frame]." Or, perhaps more specifically: "communications between Defendant and Mr. Conway concerning or relating to the subject of logging or tree-cutting on the property . . . ." Given the testimony that came to light during the

---

of requested material" to the requesting party, rather than by permitting an inspection of items by the requester, to reflect common practice. Reporter's Notes—2020 Amendments, V.R.C.P. 34.

hearing on Plaintiffs' motion for preliminary injunction—where Defendant testified that he called Pete Conway on November 9 to tell him to stop further logging on the property—it should have been clear to Plaintiffs that such a document request would have been appropriate.

Accordingly, the phone record was not the subject of a Rule 34 request for production of documents, and thus, its production to Plaintiffs on October 26, 2025, was not untimely. The Court will therefore deny Plaintiffs' motion to exclude the phone record as a discovery sanction.

The Court will also deny Plaintiffs' motion to the extent that it seeks exclusion, *in limine*, of the phone record document as hearsay, or for lack of proof of authenticity. Motions *in limine* are for the purpose of excluding specific evidence before trial—or at trial but before the proponent even attempts to offer certain evidence for admission—on the notion that the jury will be exposed to the evidence to some degree and in a way that will be prejudicial to the opponent of the evidence. Plaintiffs have not alleged or tried to explain the prejudice that they will likely suffer if Defendant at trial offers the phone record and seeks its admission into evidence. A ruling of inadmissibility after such an offer is made does not necessarily mean that the offer of evidence itself, assuming it will be heard by the jury, will likely be prejudicial to the successful opponent of the evidence. Further, the Court would prefer to rule on Plaintiffs' objection to this evidence during trial, when the Court will likely have a better understanding of the circumstances and context.

This denial of Plaintiffs' pending motion does not, of course, mean that the phone record is admissible. *See State v. Lyddy*, 2025 VT 1, ¶ 17, 331 A.3d 1026. At trial, Defendant, as the proponent of this evidence, will need to establish its admissibility. In that regard, and so that the Court will be better prepared on this issue, the Court requests that Defendant, by close of business on Friday, November 14, provide a memorandum of no more than four pages—but shorter if appropriate— responding to the *merits* of Plaintiffs' arguments on inadmissibility of the phone record, as set forth on pages 4-5 of Plaintiffs' instant motion (filed October 27, 2025). This on the assumption that the record will be offered to prove the truth of what the record says or states. Defendants may, in their filing, include a proffer as to what Defendant or others will testify, in relation to how the phone record was obtained by Defendant. Plaintiffs will be permitted a reply memorandum opportunity, limited to three pages, and due by 8:00am on Monday, November 17, 2025.

Electronically Signed on: Wednesday, November 12, 2025 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge